**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERVIN THOMPSON,
a/k/a ERVIN EVANS,

    Plaintiff,

v.                                                        Case No. 8:07-cv-193 -T-30MAP

JUAN BEL and GEORGE ROBINSON,

    Defendants.
_____/

**O R D E R**

Plaintiff, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) and an Affidavit of Indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). Also pending before the Court are Plaintiff's request for a copy of the local rules[1] (Dkt. 5); Motion for Appointment of Counsel (Dkt. 6); Order to Show Cause for a Preliminary Injunction (Dkt. 7), and a request for issuance of summonses (Dkt. 9).

The events about which Plaintiff complains occurred at the Zephyrhills Correctional Institution ("ZCI"), where Plaintiff is currently confined. Plaintiff names as defendants Dr. George Robinson, M.D., and treating psychiatrist Dr. Juan Bel, both members of the medical staff at the ZCI. Having performed a review of the complaint and documents filed

---

[1]Parties are required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Failure to do so could result in sanctions, including dismissal of a cause of action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, the request must be accompanied by a self-addressed envelope with $4.20 postage affixed thereto. The Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

in support thereof, the Court concludes, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process[2] pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Discussion

Plaintiff alleges that Defendants have, and continue to, engage in conduct violative of his civil rights by withholding psychotrophic medications previously prescribed for him at other Department of Corrections facilities to treat his mental illness, causing him to suffer cruel and unusual punishment.

**Section 1983**

A plaintiff states a cognizable claim for relief under § 1983 if his complaint alleges facts showing that a person acting under color of state law has engaged in conduct violative of a right, privilege, or immunity secured by the Constitution of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003). As discussed below, Plaintiff has not met the second element of the § 1983 standard.

It is well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted). Here, Plaintiff alleges sufficient facts regarding prior psychiatric treatment and behavior

---

[2]*See Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. 1981) ("The district court is not required to allow process on a prisoner's in forma pauperis complaint merely because it alleges a deprivation of psychiatric care.).

- 2 -

clearly evincing some psychiatric illness to create a reasonable ground to believe that the administration of psychtropic medication is necessary for Plaintiff's continued health and well-being. *See Woodall v. Foti*, *supra* at 273. Plaintiff's assertion that Defendants are deliberately indifferent to his need for medication to treat his condition is, however, refuted by Plaintiff's sworn declaration, filed in support of his request for injunctive relief, stating that when he was offered what Dr. Bel determined was an appropriate medication, Plaintiff refused to take it:

> Plaintiff has been deprived and denied psychotropic medication (Artane) which is a side effect medication for (Haldol).
>
> Plaintiff has been diagnosed as schizoaffective and personalitie [sic] disorders an[d] hears voices, [sic] by numerous psych. doctors through out D.O.C. and was tried on many medications which didn't work.
>
> So Plaintiff was prescribed a combination to be jointly taken, Haldol and Artane, since it is indicated in Plaintiff['s] medical file the defendants refuse to provide Plaintiff a long standing combination of those medication[s] already prescribed by doctors. . . .
>
> It is a[n] ongoing, illegal [sic] by the Defendant(s) to deprive Plaintiff for 2½ months some already prescribed medication, specifically by other doctors in prison and in society. . . .
>
> Plaintiff has been hearing voices, and the prison['s] mental health department charges Plaintiff $4.00 each time Plaintiff declares a psychological emergency notifying mental health of such vioces [sic] occurring . . .
>
> Defendant Bel, during a[n] enterview [sic] denied Plaintiff (Artane and Haldol) *enstead [sic] attempted to get Plaintiff as an experiment to try other drugs that Plaintiff know[s] could be a risk or harm to health or will give similar side effects as Haldol.*
>
> Plaintiff is elergic [sic] to (cogintin [sic] and benyldcy [sic]) two other typ[e]s [sic] of side effect medications. It is imminent that Plaintiff receive those medication[s] as Plaintiff needs them for

>    the mental illness and psychotic measurements. Thus: Plaintiff uses his medication for those very purposes.
>
>    Plaintiff is not receiving (Artane) and (Haldol) as this here declaration is submitted and *Plaintiff refused to try any other medication for fear of serious risks to health*.

Dkt. 7, Attach., Declaration at 1-2 (emphasis added).

Courts are hesitant to find that defendants have been deliberately indifferent and thus violated an inmate's right to be free from cruel and unusual punishment under the Eighth Amendment when, as here, an inmate has received medical care. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). Actions or inactions involving medical treatment violate the Eighth Amendment only if they involve "something more than a medical judgment call, an accident, or an inadvertent failure," *Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

Where, as Plaintiff acknowledges, the Defendants offered him medication to treat his condition and he refused the medication because he disagrees with the doctor's assessment, Plaintiff cannot prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs. His allegations amount to no more than a difference of opinion as to the course and scope of treatment for his condition. A difference of opinion over matters of medical judgment between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not give rise to the level of a constitutional claim. *See Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). The propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("matters of medical judgment" do not give rise to a § 1983 claim). *See also Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (inmate's belief that he needed additional medication other than that

prescribed by treating physician was insufficient to establish constitutional violation); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation); *Burns v. Head Jailor of LaSalle County Jail*, 576 F. Supp. 618, 620 (N.D. Ill. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under § 1983). The essential test is one of medical necessity and not one simply of desirability – a test not met by the allegations in the complaint.

Because Plaintiff fails to allege acts or omissions that evidence a deliberate indifference to serious medical needs, he has failed to state an Eighth Amendment claim cognizable under § 1983 against the Defendants. *See Estelle v. Gamble*, 429 U.S. at 101-106.

**Equal Protection**

Plaintiff further alleges that Defendants have denied him his constitutional right to equal protection as guaranteed by the Fourteenth Amendments of the Constitution. To state an equal protection claim, Plaintiff must allege that he is similarly situated with individuals who were treated differently than he *and* that the differential treatment was discriminatorily based on Plaintiff's membership in a constitutionally-protected class, such as "race, religion [or] national origin. . . ." *Damiano v. Florida Parole and Probation Comm'n,* 785 F.2d 929, 932-33 (11th Cir. 1986). *See also City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). The different treatment must further be the result of intentional discrimination. *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S.

252, 265 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

Plaintiff does not allege that he is a member of a protected class or that he was treated any differently from any other individual incarcerated at the ZCI. There is clearly no factual support for an equal protection claim.

**Americans With Disabilities Claim**

On June 15, 1998, the Supreme Court held that Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq., applies to state prisons and state prison services. *See Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, (1998) (state prisoners denied admission to prison boot camp program due to history of hypertension stated a claim for relief under the ADA).

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual. . . ." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, the plaintiff must allege and ultimately show that he: (1) has a disability within the meaning of the ADA, (2) was a qualified individual at the relevant time, and (3) was subjected to unlawful discrimination *because of his disability*. *Lucas v. W.W. Grainger, Inc.,* 257 F.3d 1249, 1255 (11th Cir. 2001); *Cash v. Smith,* 231 F.3d 1301, 1305 (11th Cir. 2000). Plaintiff has failed to state a claim under the ADA because he has failed to allege that he was discriminated against *because of his disability*. Thus, to the extent that Plaintiff predicates any claims upon the application of the ADA, those claims are subject to dismissal.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum*

- 6 -

*v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995).

**Filing Fee**

The Prisoner Litigation Reform Act ("PLRA") significantly altered the processing of *in forma pauperis* and prisoner litigation. The PLRA applies in the present case because Plaintiff filed his complaint after its effective date of April 26, 1996. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001). The PLRA effected the amendment of 28 U.S.C.§ 1915(b), which now requires that all prisoners bringing a civil suit or appeal while incarcerated pay the required filing fees and costs. *See* 28 U.S.C. §§ 1915(b)(1)-(2). Prisoners are no longer entitled to a waiver of fees and costs. *See Mitchell v. Farcus*, 112 F.3d 1483, 1488-89 (11th Cir. 1997).

Under the PLRA, prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed. "A limited exception exists only for prisoners who have 'no assets and no means by which to pay the initial partial filing fee.' 28 U.S.C.A. § 1915(b)(4). . . . However, 'the prisoner is still *obligated* to pay the *full filing fee* when the money does become available'" (emphasis added). *Rivera v. Allin*, 144 F.3d 719, 722 n.4 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 606

(6th Cir. 1997) (finding that "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. . . . Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs")). As the Eleventh Circuit stated in *Rivera*, "proceeding IFP in a civil case is a privilege, not a right -- fundamental or otherwise. . . . 'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.'" *Id.* at 724 (citation omitted).

A plaintiff becomes liable for payment of the $350.00 filing fee when he <u>initiates</u> a civil case. Subsequent dismissal of the case does <u>not</u> relieve him of his obligation to pay the filing fee.

### Conclusion

Having reviewed the record, the Court finds that Plaintiff has failed to assert specific facts from which a reasonable jury could find that he has been denied medically necessary psychiatric care in derogation of his rights under the Eighth Amendment. Even accepting all of Plaintiff's factual allegations as true, they simply do not establish a claim for purposes of § 1983. Plaintiff has not shown any immediate risk of substantial or irreparable harm.

ACCORDINGLY, the Court **ORDERS** that:

1.     The complaint received on January 30, 2007 (Dkt. 4), which appears to be a duplicate of the original complaint (Dkt. 1) executed on January 22, 2007, is **STRICKEN**.

2.     The request to proceed without prepayment of fees and costs (Dkt. 2) is **GRANTED**. Plaintiff is hereby assessed the $350.00 filing fee. *See* 28 U.S.C. § 1915(b). This assessment amounts to placing a lien on Plaintiff's prisoner account pursuant to the Prison Litigation Reform Act, and the Department of Corrections shall place a lien on the

inmate's trust account for court costs and filing fees due. The **Clerk** is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308, Attention: Jeffrey R. Straley and Veronica Wold, Government Operations Consultant.

3. The request for a copy of the local rules (Dkt. 5) is **DENIED**.

4. The Motion for Appointment of Counsel (Dkt. 6) is **DENIED**.

5. The Order to Show Cause for a Preliminary Injunction (Dkt. 7) is **DENIED**.

6. The request for issuance of summons (Dkt. 9) is **DENIED**.

7. The complaint (Dkt. 1) is **DISMISSED** for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1).

8. The **Clerk** shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Plaintiff

SA:jsh