**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERVIN THOMPSON,
a/k/a ERVIN EVANS,

    Plaintiff,

v.                                              Case No. 8:07-cv-193 -T-30MAP

JUAN BEL and GEORGE ROBINSON,

    Defendants.

---

**O R D E R**

Before the Court are Plaintiff's Motion for Issuance of Certificate of Probable Cause for Appeal (Dkt. 13) and request to proceed on appeal *in forma pauperis* (Dkt. 14). This matter was initiated by Plaintiff pursuant to 42 U.S.C. § 1983. Thus, he is not required to file an application for issuance of a certificate of probable cause.

Notwithstanding his apparent indigent status, Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D.Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

In his complaint, Plaintiff alleges that Defendants have, and continue to, engage in conduct violative of his civil rights by withholding psychotrophic medications previously prescribed for him at other Department of Corrections facilities to treat his mental illness, causing him to suffer cruel and unusual punishment. The complaint was dismissed without service on the Defendants, with the Court finding, *inter alia*, that Plaintiff's assertion that Defendants were deliberately indifferent to his need for medication to treat his condition is refuted by Plaintiff's sworn declaration, filed in support of his request for injunctive relief, stating that when he was offered what Dr. Bel determined was an appropriate medication, Plaintiff refused to take it.

Upon review of the order from which Plaintiff appeals, the Court readily concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. As such, Plaintiff is ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3).

ACCORDINGLY, the Court **ORDERS** that:

1.  The Motion for Issuance of Certificate of Probable Cause for Appeal (Dkt. 13) is **DENIED** as moot.

2.  Plaintiff's request to proceed on appeal *in forma pauperis* (Dkt. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 16, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Plaintiff

SA:jsh